IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00997-LTB-BNB

ROBERT W. BLEIL,

      Plaintiff,

v.

WILLIAMS PRODUCTION RMT COMPANY, LLC, a Delaware limited
liability company, and THE WILLIAMS COMPANIES, INC.
SEVERANCE PAY PLAN, a welfare benefits plan,

      Defendants.

---

### INADVERTENT DISCLOSURE AGREEMENT

---

The parties, Robert W. Bleil ("Plaintiff") and Williams Production RMT Company, LLC ("Williams Production RMT") and The Williams Companies, Inc. Severance Pay Plan ("The Plan") (collectively "Defendants"), by and through undersigned counsel, respectfully submit this Inadvertent Disclosure Agreement pursuant to Federal Rule of Evidence 502, and stipulate as follows:

WHEREAS, during the course of this litigation, Plaintiff and Defendants have requested discovery from one another, and, in order to respond to such discovery requests, the parties will be required to search electronically stored information ("ESI").

WHEREAS, Defendants anticipate that they will be producing ESI in response to Plaintiff's discovery requests, some of which may be protected by the attorney-client privilege, the work product doctrine and/or other applicable privilege or immunity.

Accordingly, the parties have agreed to enter into this Agreement, and, for good cause shown, the Court ORDERS the following:

1. Defendants will search and review ESI that is potentially relevant to the claims and defenses in this action pursuant to a protocol agreed upon by the parties, using both electronic and manual processes designed to determine whether the ESI should be withheld from production on the basis of the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. Hereinafter, information that should be withheld from production/protected from disclosure on the basis of such privileges and/or immunities shall be referred to as "Privileged Discovery Information."

2. The parties agree that, given the volume of ESI that Defendants will be searching and reviewing, the processes that Defendants will employ may not catch all Privileged Discovery Information, and that there may be instances of inadvertent disclosure of Privileged Discovery Information to Plaintiff (referred to hereinafter as an "Inadvertent Disclosure"). Plaintiff agrees that the effort and steps being taken by Defendants to locate and secure Privileged Discovery Information so as to prevent Inadvertent Disclosures are reasonable under the circumstances, as required by F.R.E. 502(b).

3. During this litigation, in the event counsel for Defendants discovers that an Inadvertent Disclosure by Defendants has occurred, counsel for Defendants will immediately notify counsel for Plaintiff of same, and shall include in such notice a general description of the documents and the basis for the claimed privilege or immunity (such as would ordinarily appear on a Privilege Log). Immediately upon receipt of such notice from Defendants' counsel, counsel for Plaintiff i) shall not continue to review or analyze the content of the Inadvertent Disclosure and ii) shall immediately destroy all copies, electronic or otherwise, of the Inadvertent Disclosure, so as to protect against any further or continued Inadvertent Disclosure. Additionally, Plaintiff must take reasonable steps to retrieve any such information that may have

been disclosed to third parties prior to being notified of the Inadvertent Disclosure. In addition, within 5 business days of receipt of the written notice from counsel for Defendants, counsel for Plaintiff shall, in writing, affirmatively state the actions taken to destroy and secure the Inadvertent Disclosure. If a redaction is all that is required to render the documents, information, communications or data discoverable, Defendants shall timely provide Plaintiff with a redacted version of the documents, information, communications or data to replace that which was destroyed pursuant to this paragraph.

    4.    During this litigation, in the event counsel for Plaintiff discovers an Inadvertent Disclosure by Defendants has possibly occurred, counsel for Plaintiff shall i) immediately cease any review or analysis of the potential Inadvertent Disclosure, and ii) immediately notify counsel for Defendants, in writing, of the potential Inadvertent Disclosure. Counsel for Defendant shall have 5 business days from receipt of the written notice from Plaintiff's counsel to indicate to Plaintiff's counsel, in writing, whether counsel for Defendants agrees that the information is an Inadvertent Disclosure, and, if so, the basis for the claimed privilege or immunity (such as would ordinarily appear on a Privilege Log). Upon receipt of such written notice from counsel for Defendants agreeing that an Inadvertent Disclosure has indeed occurred, counsel for Plaintiff shall immediately destroy all copies, electronic or otherwise, of the Inadvertent Disclosure, so as to protect against any further or continued Inadvertent Disclosure. Additionally, Plaintiff must take reasonable steps to retrieve any such information that may have been disclosed to third parties prior to discovering the potential Inadvertent Disclosure. Within 5 business days of receipt of the written return notice from Defendants' counsel, Plaintiff's counsel shall, in writing, affirmatively state the actions taken to destroy and secure the Inadvertent Disclosure. If a redaction is all that is required to render the documents, information, communications or data

discoverable, Defendants shall timely provide Plaintiff with a redacted version of the documents, information, communications or data to replace that which was destroyed pursuant to this paragraph.

5. Defendants and Plaintiff agree that the content of any Inadvertent Disclosure by Defendants will not be used by Plaintiff or disclosed by him to any third party, during the litigation or thereafter, for any reason whatsoever, nor shall any trial strategy or conduct be initiated as a derivative result thereof. In this regard, Plaintiff waives any right to assert any claim, defense or cross-claim against Defendants in this litigation, or any other present or litigation or dispute between the parties, based in whole or part, on any Inadvertent Disclosure by Defendants.

6. Pursuant to FRE 502 and this Agreement, the parties understand and agree that an Inadvertent Disclosure by Defendants will not constitute a waiver of, or estoppel as to, any claim of attorney-client, work product or other applicable privilege or immunity by Defendants, so long as Defendants comply with their notice obligations outlined in Paragraphs 3 and 4 above in an attempt to rectify the Inadvertent Disclosure.

7. If Plaintiff and Defendants cannot agree as to whether particular documents, information, communications or data that Defendants claim was Inadvertently Disclosed is, in fact, Protected Discovery Information that should not have been disclosed, the dispute shall be handled in the same matter as a dispute over information that appears on Defendant's privilege log would be handled. Specifically, Plaintiff shall timely file a motion with the Court for an *in camera* review to determine whether the documents, information, communications or data should be protected from discovery/withheld from production. In the event of such a dispute, Plaintiff must immediately destroy all copies, electronic or otherwise, of the alleged Inadvertent

Disclosure, to protect against any further or continued Inadvertent Disclosure of the Protected Discovery Information at issue, until the issue is resolved by the Court. Additionally, Plaintiff must take reasonable steps to retrieve any such information that may have been disclosed to third parties prior to being notified of the alleged Inadvertent Disclosure. Any documents, information, communications or data claimed as Protected Discovery Information shall be filed with the Court under seal. If the Court determines such information is indeed Protected Discovery Information, then the provisions of Paragraphs 5 and 6 above shall apply. Should the Court find otherwise, disclosure of the documents, information, communications or data shall be handled as the Court provides by Order.

8. This Agreement is not intended to be, and shall not operate as, a waiver of any claims or defenses among and between Plaintiff and Defendants in this litigation or any other present or future litigation or dispute between them. Rather, it is intended solely to prevent the use of any Privileged Discovery Information contained in an Inadvertent Disclosure by Defendants as a basis or support for any claim, defense or cross-claim in this litigation or any other present or future litigation or dispute between them, and to specify obligations of the parties in the event of an Inadvertent Disclosure by Defendants.

9. Plaintiff does not at this time anticipate that he will be producing ESI to Defendants. However, if at some point in the future Plaintiff produces ESI to Defendants, Plaintiff and Defendants agree that the terms of this Agreement will apply, and that their respective obligations with respect to any Inadvertent Disclosure by Plaintiff will be the same as set out in Paragraphs 3, 4, 5 and 7 above.

DONE this 2nd day of May, 2012.

BY THE COURT:

_____
U.S. District Court Judge
District of Colorado

Approved as to form and substance:

By: _s/Sam D. Starritt_____
Sam D. Starritt, #27876
Dufford, Waldeck, Milburn & Krohn, LLP
744 Horizon Court, Suite 300
Grand Junction, CO 81501
Attorney for Robert Bleil

and

By: _s/Stephanie T. Gentry_____
Steven A. Broussard
Stephanie T. Gentry
HALL, ESTILL, HARDWICK, GABLE
  GOLDEN & NELSON, P.C.
320 S. Boston Avenue, Ste. 200
Tulsa, OK 74103-3706
Attorneys for Defendants Williams Production
RMT Company, LLC, and The Williams Companies, Inc.
Severance Pay Plan

1397772.1:912502:00241