IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 11-cv-00997-LTB-GPG

ROBERT W. BLEIL,

      Plaintiff,

v.

WILLIAMS PRODUCTION RMT COMPANY, LLC, a Delaware limited liability company, and THE WILLIAMS COMPANIES, INC. SEVERANCE PAY PLAN, a welfare benefits plan,

      Defendants.

_____

ORDER
_____

This matter is before me on the parties' Joint Motion to Vacate Trial and Strike Deadlines **[Doc 76]**. After considering the parties' stipulations, for the reasons below, I GRANT the motion and render the additional orders enunciated below.

## I. Background

In this action Plaintiff Robert W. Bleil asserted four claims of relief against Defendants after defendant Williams Production RMT Company, LLC (the "Company")–now known as WPX Energy Rocky Mountain, LLC–terminated him and, in doing so, refused to pay him severance and certain restricted stock unit awards ("RSUs"). *See* Order Granting in Part and Denying in Part Def.s' Motion for Summary Judgment, Doc # 74 (hereinafter, the "Summary Judgment Order"). These claims were (1) wrongful discharge; (2) breach of contract; (3) violation of § 510 of ERISA, 29 U.S.C. § 1140; and (4) equitable relief pursuant to § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

Defendants then moved for summary judgment as to all of these claims. *See* Def.s' Mot. for Summary Judgment and Supporting Brief, Doc # 55. I denied the motion insofar as it requested summary judgment as to that portion of Plaintiff's breach of contract claim which sought payment of 863 RSUs awarded to him on November 1, 2006. *See* Summary Judgment Order at 23-24, 35. I did so because I found that "there was a genuine dispute as to whether Plaintiff is entitled to those 863 RSUs." *Id.* at 23. I granted the rest of the motion. *See id.* at 35. This left the case to proceed with only that fraction of Plaintiff's breach of contract claim against the Company. The parties' instant motion followed.

Currently, a trial preparation conference is scheduled for December 28, 2012, and trial is set for January 14, 2013. Other impending deadlines also loom.

## II. Discussion

In the instant motion, the parties agree and stipulate that, following his discharge, Plaintiff was paid in full for the 863 RSUs discussed above. They further agree and stipulate that, in light thereof, a trial is unnecessary. On this basis they make the following requests. First, that the trial preparation conference and trial be vacated, and upcoming attendant deadlines stricken. Second, that the Summary Judgment Order be modified to reflect the parties' stipulation concerning the 863 RSUs. Third, that the Court take any further action warranted by these stipulations.

I agree with the parties that in light of their stipulation, no issues remain, and, thus, a trial is unnecessary. Accordingly, IT IS ORDERED that the parties' Joint Motion to Vacate Trial and Strike Deadlines **[Doc 76]** is GRANTED. The forthcoming trial preparation conference and trial are therefore VACATED, and the impending attendant deadlines are stricken. The Summary Judgment Order is also hereby modified to reflect the parties' stipulation that Plaintiff was paid in

full for the 863 RSUs in question. Consequently, IT IS NOW FURTHER ORDERED that Defendants' Motion for Summary Judgment and Supporting Brief **[Doc #55]** is GRANTED in whole, meaning summary judgment should be entered for Defendants, and that Defendants be awarded their costs.

Date: December   11th  , 2012 in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE